Andrew W. BRAINERD, Plaintiff,

v.

William POTRATZ et al., Defendants.

No. 76 C 1131.

United States District Court,
N. D. Illinois.

Oct. 8, 1976.

Albert H. Beaver, Brainerd & Bridges, Chicago, Ill., for plaintiff.

Stephen D. Marcus, Clausen, Miller, Gorman, Cafrey & Witous, Chicago, Ill., for defendants Potratz, Hubick, Derning, Winnetka & Ben Franklin.

John A. Dienner, III, Asst. State's Atty., Chicago, Ill., for defendant Rajfer.

Peter Fitzpatrick, Peter Fitzpatrick & Associates, Chicago, Ill., for defendant Allen.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the various motions of the defendants to strike

the complaint as improperly pleaded and to dismiss for failure to state a claim upon which relief can be granted. For the reasons hereinafter stated, the complaint shall be stricken in its entirety and dismissed.

The plaintiff, an attorney, has filed Count One of this action pursuant to 42 U.S.C. §§ 1983 and 1985,[1] naming the following as defendants: William Potratz, Lieutenant in the Police Department of the Village of Winnetka; Arnold N. Hubick, a Winnetka police officer; Don R. Derning, Chief of Police of the Winnetka Police Department; Jane Allen, an individual residing in Wilmette; and Solomon Rajfer, Assistant State's Attorney, Cook County. The jurisdiction of this court under Count One is invoked pursuant to 28 U.S.C. § 1343. Count Two of the complaint, adopting all paragraphs of Count One, is an action for malicious prosecution under the law of the State of Illinois, naming as defendants the five aforementioned as well as the Village of Winnetka (Winnetka) and the National Ben Franklin Insurance Company of Illinois (Ben Franklin). The jurisdiction of this court under Count Two is sought and invoked under the doctrine of pendent jurisdiction.

In twenty-nine pages and seventy-four paragraphs, Count One alleges that defendants Potratz, Hubick, Allen, Derning, and Rajfer, individually and as co-conspirators, deprived plaintiff of his civil rights in that he was falsely accused, illegally detained, unlawfully arrested, imprisoned without due process for one hour, maliciously prosecuted without probable cause, humiliated, mortified, and defamed. While the complaint is confusing and verbose, its gravamen appears to be that the plaintiff was maliciously prosecuted on trumped-up charges of which he was subsequently acquitted. Said prosecution was allegedly effectuated to obtain revenge against the plaintiff for his criticism of the way defendants Potratz, Hubick, and Derning investigated past cases to which the plaintiff had

been connected. In his prayer for relief, plaintiff seeks damages for the following:

— more than $17,000 in legal expenses to defend the alleged malicious prosecution;

— the loss of more than 330 hours of his own professional time taken from his practice of law to investigate and prepare his defense;

— personal and familial humiliation and mortification;

— defamation of character;

— vicious injury to his allegedly impeccable professional reputation prior to the incident and pecuniary loss thereby;

— emotional distress, physical sickness, shock and nervous exhaustion;

— punitive damages; and

— court costs and attorneys' fees in the instant case.

Plaintiff does not appear to pray for damages for the alleged unlawful arrest.

In eleven pages and nineteen paragraphs, Count Two alleges common law malicious prosecution against all of the defendants. It further alleges, *inter alia,* that Winnetka was and is legally responsible under the doctrine of *respondeat superior* for the acts of its employees, agents, and officers and that it is therefore liable to the plaintiff. Moreover, plaintiff claims that Ben Franklin, Winnetka's insurer, is also liable. To compensate him for the alleged malicious prosecution plaintiff seeks the same damages alleged in Count One.

Three sets of motions to dismiss have been filed, to wit, by 1) defendants Potratz, Hubick, Derning, Winnetka, and Ben Franklin (hereinafter the Potratz motion); 2) defendant Rajfer; and 3) defendant Allen. Following is a brief summary of each:

### Potratz Motion

a. to dismiss Count One of the complaint for failure to state a claim upon which relief can be granted;

---

1. Plaintiff also filed pursuant to 42 U.S.C. § 1981. However, in his memoranda in opposition to the motions to dismiss, plaintiff withdrew all allegations in the complaint which are based on this section.

b. to strike the entire complaint as an improper pleading replete with conclusory allegations, conjecture, and improper derogatory comments, all in contravention of Rule 8(e)(1) of the Federal Rules of Civil Procedure;

c. to dismiss as to defendant Derning as the complaint fails to state a cause of action against him;

d. to dismiss Count II as the court lacks proper jurisdiction of the alleged pendent Count, or in the alternative, because it is repetitive in part and does not state a recognized and proper cause of action under Illinois law in part.

*Rajfer Motion*

Defendant Rajfer has moved to dismiss the complaint as

a. it fails to state a claim upon which relief can be granted;

b. defendant Rajfer is immune from civil damage suits for acts done in the course of his duties as prosecutor;

c. plaintiff was deprived of no cognizable constitutional right by this defendant.

*Allen Motion*

a. to dismiss the complaint for failure to state a cause of action as against her and for lack of proper jurisdiction;

b. to strike the entire complaint as improper in light of Rule 8(e)(1).

The plaintiff has filed memoranda of law in opposition to the motions and all but defendant Allen have filed replies.

 The entire complaint must be stricken as an improper pleading. It is prolix, argumentative, and replete with legal conclusions and irrelevant and improper derogatory comments. *Shakespeare v. Wilson,* 40 F.R.D. 500 (S.D.Cal.1966) and cases cited.

The complaint is also confusing in that it commingles various theories and individuals so as to make responsive pleading impossible. It is especially unclear against which defendants the allegations are directed. In short, the entire complaint fails to comply with either the letter or the spirit of Rule 8(e)(1) of the Federal Rules of Civil Procedure requiring each averment of a pleading to be simple, concise, and direct.

 The court is further of the opinion that the allegations in the complaint do not state a cognizable claim under 42 U.S.C. § 1985.[2] Section 1985(3) establishes civil liability against any persons who conspire to deprive another person or class of persons of the equal protection of the law, or of equal privileges and immunities under the law. The section, however, was not "intended to apply to all tortious, conspiratorial interferences with the rights of others. . . . [for constitutional shoals] . . . would lie in the path of interpreting [the statute] as a general federal tort law." *Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). To state a cognizable § 1985(3) claim, then, there must be, *inter alia,* "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 102, 91 S.Ct. at 1798; *Lesser v. Braniff Airways, Inc.,* 518 F.2d 538 (7th Cir. 1975). This requirement has been interpreted to mean that the complaint must allege facts showing that the defendant conspired against the plaintiff because of his membership in a class and that the criteria defining the class were invidious. *Hahn v. Sargent,* 523 F.2d 461, 469 (1st Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). Moreover, if the factual circumstances fail to indicate the existence of a class-oriented, invidious animus, an allegation of unequal application of the law to an individual does

---

**2.** Plaintiff has apparently brought this action under all three subsections of 42 U.S.C. § 1985. Section 1985(1) is inapplicable to the case at bar. The requirement of a racial or otherwise class-based, invidiously discriminatory animus is applicable to actions brought under § 1985(2). *Hahn v. Sargent,* 523 F.2d 461, 469

(1st Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); *McIntosh v. Garofalo,* 367 F.Supp. 501 (W.D.Pa.1973). As there is no allegation of invidious class-based discrimination any § 1985(2) claim would be insufficient.

not state a § 1985(3) claim even if the action was malicious. *Barrio v. McDonough District Hospital,* 377 F.Supp. 317 (S.D.Ill. 1974).

In a motion to dismiss, facts well pleaded must be taken as true, although unsupported conclusions may be disregarded. *Van Daele v. Vinci,* 294 F.Supp. 71 (N.D.Ill.1968). Even accepting the facts as true, the portion of the complaint alleging a conspiracy under § 1985 does not state a cause of action. Section 1985(3) provides a cause of action only where a conspiracy is directed against a person as a member of a class; it "does not provide [for one] where the alleged conspiracy is directed toward an individual personally." *Turner v. Baxley,* 354 F.Supp. 963, 973 (D.Vt.1972) and cases cited.

The court is also of the opinion that most of the allegations in the complaint do not state a violation under 42 U.S.C. § 1983. It is well settled that in order to maintain a Section 1983 action the plaintiff must allege conduct depriving him of a right, privilege, or immunity secured by the Constitution and laws of the United States.[3] An action for unlawful arrest and detention may be properly brought under 42 U.S.C. § 1983 as it represents an unconstitutional deprivation under the Fourth and Fourteenth Amendments. *Joseph v. Rowlen,* 402 F.2d 367 (7th Cir. 1968). However, not every tort recognized under state law is sufficient to pass the constitutional threshold as to allow the maintenance of an action under Section 1983. *Mimms v. Philadelphia Newspapers, Inc.,* 352 F.Supp. 862 (E.D.Pa.1972). A defamation claim does not implicate any federally protected rights and is therefore not cognizable under the Civil Rights Act. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Everett v. City of Chester,* 391 F.Supp. 26 (E.D.Pa.1975). Neither is the tort of malicious prosecution. *Curry v. Ragan,* 257 F.2d 449 (5th Cir.), *cert. denied,* 358 U.S. 851, 79 S.Ct. 78, 3 L.Ed.2d 85 (1958); *Everett v. City of Chester, supra.* Likewise, the

tort of negligent or intentional infliction of emotional distress does not state a 1983 violation. To hold otherwise would make the Fourteenth Amendment "a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul v. Davis, supra,* 424 U.S. at 701, 96 S.Ct. at 1160. Accordingly, plaintiff's claims, insofar as they are based upon theories of malicious prosecution or any other non-constitutional torts do not state a cause of action under 42 U.S.C. § 1983. Thus, the only issue which could be considered under 1983 is whether plaintiff was unlawfully arrested and detained.

Were the complaint not stricken as contravening Rule 8(e)(1), the court still would not take pendent jurisdiction over the second count for common law malicious prosecution. First, it has doubts whether the doctrine of pendent jurisdiction is appropriate, as a matter of judicial power and discretion, to bring in additional parties to respond to a state claim. *Aldinger v. Howard,* —— U.S. ——, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Second, concerning the pendent claim, state issues would substantially predominate, there could be needless decisions of state law, and there would be a likelihood of jury confusion in treating divergent legal theories of relief. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See also, Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1972).

For the reasons stated, it is therefore ordered that the complaint shall be, and the same is hereby, stricken in its entirety and dismissed. Plaintiff is given twenty days in which to file an amended complaint against those defendants he claims arrested him unlawfully.

---

**3.** A plaintiff must also allege that the act was done under color of state law. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).