**William KUREK et al.,
Plaintiffs-Appellants,**

v.

**PLEASURE DRIVEWAY AND PARK DISTRICT OF PEORIA, ILLINOIS, et al., Defendants-Appellees.**

**No. 76–1791.**

United States Court of Appeals,
Seventh Circuit.

Sept. 11, 1978.

---

John E. Cassidy, Jr., Peoria, Ill., for plaintiffs-appellants.

Daniel Hardy, Gary S. Clem, William V. Altenberger, Wm. McD. Frederick, Peoria, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, PELL, Circuit Judge, and FOREMAN, District Judge.*

PER CURIAM.

This case is again before the court on remand from the Supreme Court of the United States, which vacated this court's prior judgment herein, *see* 557 F.2d 580 (7th Cir. 1977), with directions to reconsider it in the light of the recently decided case of *City of Lafayette, Louisiana v. Louisiana Power & Light Co.*, 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978). The parties have filed statements pursuant to Circuit Rule 19, which we have considered along with the *Louisiana Power* decision.

As to plaintiffs' antitrust claims, which are the only ones affected by *Louisiana Power*, we reinstate our prior judgment, finding, as we do, that our prior decision correctly anticipated the Supreme Court's holding therein. Defendants' arguments that the antitrust claims have been adjudicated in state court proceedings are insupportable both because the state courts have not in fact purported to do so, and because jurisdiction of federal antitrust suits is exclusively in the federal courts. *See* 15 U.S.C. §§ 15, 26; 28 U.S.C. § 1337. Needless to say, at the pleading stage at

---

* District Judge James L. Foreman of the Eastern District of Illinois is sitting by designation.

which this case is, we decline to consider defendants' numerous arguments that reduce effectively to the assertion that plaintiffs cannot prove the allegations we have held sufficient to state a claim for which relief can be granted.

■■■ As to plaintiffs' claim that their dismissal as Park District employees violated their right to petition and therefore is actionable under 42 U.S.C. § 1983, defendants insist that the opinion of the Illinois Appellate Court, 3d District, in *Pleasure Driveway and Park District of Peoria v. Jones*, 51 Ill.App.3d 182, 9 Ill.Dec. 677, 367 N.E.2d 111 (1977), affirming the judgment discussed in our previous opinion, forecloses this cause of action. We disagree. On the basis of the record before us, we held that the judgment did not foreclose the claim. We adhere to that view. It is true that the appellate opinion does indicate that facts not in our record may demonstrate that the right to petition claim was in truth before the Circuit Court and decided by it, and defendants will be free to renew this argument on remand. But it is the judgment, properly construed in the light of pertinent facts, that creates the potential for collateral estoppel, not the appellate decision affirming it. The district court must determine for itself whether estoppel is justified on plaintiffs' federal claim, and doing so will not, as defendants argue, place the court in the untenable position of *reviewing* a state court judgment. The collateral estoppel effect on a federal claim of a state court judgment can only be decided by the federal court before which the claim is litigated. The opinion of the Illinois Appellate Court, of course, may carry as much persuasive weight as is justifiable in terms of the facts when the district court makes that decision, but it cannot foreclose inquiry.

■■■ Although plaintiffs do not request us to do ,so, we also now reverse the district court's judgment insofar as it dismissed the civil rights claim against the Park District. An appellate court must decide the cases before it on the basis of the law currently applicable, *see Bradley v. School Board of the City of Richmond*, 416 U.S. 696, 711, 94

S.Ct. 2006, 40 L.Ed.2d 476 (1974), and *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 611 (1978), establishes that governmental units may be "persons" within the meaning of 42 U.S.C. § 1983. Whether this is an appropriate case for application of *Monell* will be a question for the district court on remand.

Plaintiffs have abandoned their original request that we reconsider our decision reported at 574 F.2d 892 (7th Cir. 1978), denying injunctive relief against collection of state court judgments against them.

The case is remanded to the district court for further proceedings. As we have indicated, Circuit Rule 18 will apply. The mandate will issue forthwith.