R. Anthony **MARRESE**, M.D., et al., Plaintiffs,

v.

AMERICAN ACADEMY OF ORTHO-
PAEDIC SURGEONS, Defendants.

No. 80 C 1405.

United States District Court,
N. D. Illinois, E. D.

Aug. 17, 1981.

On Motion for Reconsideration
Oct. 5, 1981.

Supplemental Opinion Oct. 14, 1981.

---

Glenn A. Schwartz, Charlotte W. Ziproyn, from the firm of Landesman, Schwartz & Auslander, Chicago, Ill., Stephen B. Cohen, William J. Stevens, Joseph Schuman and Michael T. Sawyier from the firm of Foss, Schuman & Drake, Chicago, Ill., for plaintiffs.

Thomas M. Crisham, Thomas S. White, Pamela S. Hollis and Robert E. Nord from the firm of Hinshaw, Culbertson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On August 13, 1981 our Court of Appeals dismissed the appeal of defendant American Academy of Orthopaedic Surgeons ("Academy") from this Court's order denying Academy's motion for a preliminary injunction seeking to bar discovery by plaintiffs R. Anthony Marrese and Michael R. Treister ("Drs. Marrese and Treister"). In note 1 of its unpublished order in No. 81–1570 (7th Cir. Aug. 13, 1981) the Court invited reconsideration of the prior order of this Court, 496 F.Supp. 236 (N.D.Ill.1980), which had been made a principal part of the oral argument on the aborted appeal:

[1] In its motion to dismiss, the Academy argued, *inter alia,* that this suit was barred by the doctrine of *res judicata* because of previous litigation brought by plaintiffs against the Academy in the Circuit Court of Cook County, Illinois. See *Treister v. Academy of Orthopaedic Surgeons,* 78 Ill.App.3d 746 [33 Ill.Dec. 501] 396 N.E.2d 1225 (1st Dist. 1979), leave to appeal denied, 79 Ill.2d 630. The district court held plaintiffs' antitrust claims were not barred by *res judicata* because they could not have been raised in state court. The propriety of this ruling is not before this Court. However, we presume that the motion to dismiss will be renewed and reconsidered in light of the Supreme Court's recent decision in *Federated Department Stores, Inc. v. Moitie,* —— U.S. ——, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

This Court has sua sponte accepted the Court of Appeals' invitation as a directive. However it does not view *Federated* as calling for a different conclusion from that previously reached on the res judicata issue—and with all respect to the Court of Appeals' suggestion, this Court does not believe its adherence to its original position is simply a matter of "coming out the same door it went in."

Part I of the *Federated* opinion, its statement of facts —— U.S. at ——–——, 101 S.Ct. at 2426–2427, demonstrates graphically why that case presents the opposite side

of the coin from this one, and why res judicata was properly applied there and does not apply here. We focus on *Brown I* and *Brown II*, the subject of the Supreme Court's decision.[1]

*Brown I* was a federal antitrust action that "tracked almost verbatim the allegations of the Government's [Sherman Act] complaint" (—— U.S. at ——, 101 S.Ct. at 2426). Once the District Court for the Northern District of California had thus acquired jurisdiction of the parties it had the *power* to consider not only the federal antitrust action but also any essentially identical state claims that Brown may have had against Federated and its co-defendants. That being so the District Court's dismissal of Brown's action "in its entirety" on the merits, when it became final, foreclosed all claims that Brown had asserted *or might have asserted* before the federal court. As Justice Rehnquist put it for the Court in *Federated*, —— U.S. at ——, 101 S.Ct. at 2427:

> There is little to be added to the doctrine of res judicata as developed in the case law of this Court. A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Commissioner v. Sunnen*, 333 U.S. 591, 597 [68 S.Ct. 715, 92 L.Ed. 898] (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352–353 [24 L.Ed. 195] (1877).

It was therefore fitting and proper for the Supreme Court to reverse the Court of Appeals, which had "conceded that the 'strict application of the doctrine of *res judicata*' required that *Brown II* be dismissed" but nonetheless out of equitable considerations had sought to create an unwarranted and "unprecedented departure from accepted principles of res judicata" (*id.*).

But as this Court pointed out in its earlier opinion in this case, Drs. Marrese's and Treister's federal antitrust issues against Academy—which this Court is called on to adjudicate in this action—are *not*, as the Supreme Court put it in *Federated*, "issues that were or could have been raised in that action"—the state court action presented to the first forum that ruled on disputes between the parties. Had Drs. Marrese and Treister sought to insert their federal antitrust claim into their state court complaint *they could not have done so*, for "jurisdiction of federal antitrust suits is exclusively in the federal courts." *Kurek v. Pleasure Driveway & Park District of Peoria*, 583 F.2d 378, 379 (7th Cir. 1978). Therefore when the Illinois state courts dismissed Drs. Marrese's and Treister's lawsuits for failure to state a cause of action under Illinois law:

(1) They could not have been deciding that Drs. Marrese and Treister had failed to state a cause of action under the *federal* antitrust laws. Accordingly issue preclusion—collateral estoppel—does not bar the federal claim before this Court.

(2) They could not be deemed to have foreclosed a claim that Drs. Marrese and Treister by definition could not have asserted before then. Accordingly the doctrine of res judicata does not bar the federal claim before this Court.

For that reason the powerful logic of Judge Learned Hand in the seminal case of *Lyons v. Westinghouse Electric Corp.*, 222 F.2d 184, 188–89 (2d Cir. 1955), which is an integral part of the "accepted principles of res judicata" to which the Supreme Court twice referred in *Federated* (—— U.S. at ——, 101 S.Ct. at 2427), retains its full force. Its inexorable logic and that of the other authorities (including the Restatement (Second) of the Law of Judgments)

---

1. *Moitie I* and *Moitie II*, had they remained before the Supreme Court, would have posed a slightly different question with one added ingredient, but with the same result. *Moitie I*, like the first suits by Drs. Marrese and Treister against Academy, was brought in the state court. But it was *removed to the federal court*, in part on the basis of *federal question* jurisdiction. At that point the federal court had plena-

ry jurisdiction to hear and consider *all* integrally related claims Moitie had asserted or could have asserted against Federated and its co-defendants, just as was the case with *Brown I*, which had been initiated in the federal court at the outset. Accordingly the principles discussed in the text of this opinion would apply with full force.

cited in this Court's earlier opinion (496 F.Supp. at 238–39) teach that res judicata does *not* bar the present action, and nothing in the *Federated* opinion teaches otherwise.

If Academy has other authority to advance in support of its position, not already submitted in its first presentation of the issues to this Court, the Court will welcome the opportunity to consider such authority. If not, it has complied with our Court of Appeals' suggestion for reconsideration.

## ON MOTION FOR RECONSIDERATION

On August 13, 1981 our Court of Appeals dismissed the appeal of defendant American Academy of Orthopaedic Surgeons ("Academy") from an interlocutory order of this Court. In a footnote to its unpublished order the Court of Appeals invited reconsideration, in light of *Federated Department Stores, Inc. v. Moitie,* —— U.S. ——, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), of this Court's earlier opinion dealing with Academy's res judicata defense (the "First Res Judicata Opinion," 496 F.Supp. 236 (N.D.Ill. 1980)). This Court promptly issued an August 17 memorandum opinion and order (the "Second Res Judicata Opinion") analyzing *Federated* and concluding that it required no change in the Court's original conclusion on the subject.

Academy has now moved for reconsideration of the Second Res Judicata Opinion in light of *Nash County Board of Education v. Biltmore Co.,* 640 F.2d 484 (4th Cir. 1981)[1] and *Federated.* For the reasons stated in this memorandum opinion and order Academy's motion is denied.

Because this Court has dealt fully with *Federated* in the Second Res Judicata Opinion it will not pause for further discussion here. For the reasons already expressed there the Court simply does not agree with Academy that *"Federated* reinforces the approach taken in *Nash"*—not in the context of the present case.

*Nash* dealt with the effect of an earlier antitrust action, brought under the North Carolina state statute identical in all relevant respects to the federal antitrust laws, on a subsequent federal antitrust action. Plaintiffs in the two actions were both agencies of state government, held for res judicata purposes to be in privity with each other (640 F.2d at 493–97). Each sought treble damages, provided for in the North Carolina statute as under federal law. *Id.* at 485. Thus the actions set the stage for consideration whether the two cases involved an "identity of causes of action"— essential for res judicata—given the identity of facts and legal theories involved (*id.* at 486):

> The only differences between this action and the earlier action were (1) that this suit was based on the federal antitrust act and the earlier suit had based its legal claim on the state antitrust act and (2) the plaintiff in this later suit sought only treble damages but no injunctive relief.

As the Court put it (*id.* at 488):

> The two suits allege the same wrongful act, the same illegal price-fixing conspiracy, the same operative facts in support of such conspiracy. The state and federal statutes upon which the two actions are based are identical in language except in the requirement of the federal statute, but not of the state statute, of a showing of interstate commerce. In both cases, the evidence will be identical and the damages recoverable and the relief available the same.

> Under established precedent, the identity of two actions, as intimately tied together as these two, will not be destroyed in the *res judicata* context simply because the two suits are based on different statutes.

■ Here we deal not with res judicata but with claimed collateral estoppel. Plain-

---

1. At the time of the First Res Judicata Opinion Judge Merhige had decided *Nash* at the District Court level. This Court distinguished that case on the basis of a critical difference discussed later in this opinion, declining to follow the *Nash* analysis in the circumstances of this case. 496 F.Supp. at 239. In the interim since the First Res Judicata Opinion the Court of Appeals for the Fourth Circuit has affirmed Judge Merhige. As discussed in this opinion, the Court of Appeals' opinion really underscores the same critical difference between the two cases.

tiffs' state court action was not an antitrust action. It claimed that denial of Academy membership followed fundamentally unfair procedures and was therefore void under common law, violated plaintiffs' due process rights (on the theory that state action was involved) and constituted a breach of contract. That action was dismissed for failure to state a cause of action under state law. *Treister v. American Academy of Orthopaedic Surgeons*, 78 Ill.App.3d 746, 33 Ill. Dec. 501, 396 N.E.2d 1225 (1st Dist. 1979). Though it is sometimes said in oversimplistic terms (as did the Court in *Nash*, 640 F.2d at 490) that "collateral estoppel is generally regarded as merely a 'branch' or 'other prong' of *res judicata*," it must be remembered that collateral estoppel applies "to those matters which *might* have been decided" in the first action. That is why the exclusivity of federal jurisdiction over federal antitrust actions supports the non-preclusion of such actions, on collateral estoppel grounds, because of an earlier state court suit between the parties on *totally different* grounds. *Kurek v. Pleasure Driveway & Park District of Peoria*, 583 F.2d 378, 379 (7th Cir. 1978).

But there is something more at work here that makes the *Nash* analysis—even if otherwise persuasive—inapplicable. Illinois' antitrust law makes a sharp distinction among types of anti-competitive conduct. Classic price-fixing, division of markets and exclusive dealing violations, none of which is involved in this action, carry with them treble damages just as under federal law. Ill.Rev.Stat. ch. 38, § 60–7(2), as limited to violations of § 60–3(1) and (4). However conspiracies in restraint of trade (calling under federal law for application of the Rule of Reason rather than per se liability) give a state court plaintiff a right only to *single* damages, *id.* as applied to ch. 38, § 60–3(2) or (3).[2] Federal law of course

makes no such distinction. Once *any* kind of antitrust violation is shown, treble damages follow as a matter of right. 15 U.S.C. § 15.

Illinois law does include, for Rule of Reason type violations, a provision under which if (1) the violation is shown to be willful and (2) the trial court so exercises its discretion, up to treble damages may be awarded. That is however a very different thing—especially in a situation where as here plaintiffs are suing on an admittedly difficult violation to prove, let alone to demonstrate as "willful."[3]

Accordingly the *present* case brings into play the doctrine not of *Nash* but of such cases as *Hayes v. Solomon*, 597 F.2d 958, 959, 984 (5th Cir. 1979), quoted in *Nash*:

> The principle of *res judicata* which prohibits splitting a cause of action applies only to claims "then capable of recovery" in the first action (citing an authority.) In this case, the first forum, the Texas state court, could not provide the relief sought in the second forum, federal antitrust damages [*i. e.*, treble damages]. We hold, therefore, that this case was not barred by the splitting prohibition.

*Accord, Cream Top Creamery v. Dean Milk Co.*, 383 F.2d 358, 363 (6th Cir. 1967). *Nash* specifically distinguished those decisions on that very ground, given the identity between the North Carolina and the federal antitrust statutes, 640 F.2d at 490:

> In this suit, however, under the state statute, modeled as it is after the federal statute and offering the same right to recover treble damages as the federal statute, there is not the ground for denying *res judicata* effect to the state court judgment stated in *Hayes* and *Cream Top*. There is accordingly no sound reason under *Hayes* and *Cream Top* for de-

---

**2.** Plaintiffs' claim here is of such a conspiracy and would not give a *right* to treble damages under the Illinois statute.

**3.** Academy's defenses, whether or not ultimately successful, are staunchly asserted and at least substantively colorable. Academy can

hardly be heard to argue that plaintiffs would have had a clear right to treble damages under Illinois law because Academy's antitrust violations were plainly willful and would have mandated the exercise of discretion to increase the award to the full limit permitted by law.

nying *res judicata* effect in this case to the earlier state court judgment.[4]

Where the efforts of a state court plaintiff to assert a claim totally unrelated to antitrust considerations have been rejected because the claim did not state a cause of action under state law, it would be a solecism to hold that he had "split a cause of action"—given both the differences between the state and federal antitrust laws (lack of a *right* to treble damages in the former) and the exclusivity of federal court jurisdiction over the latter. *Nash* considers that a plaintiff who "choos[es] to file the state action on the same cause of action [has] voluntarily waived the benefit, if any, of a federal forum" (640 F.2d at 492)—and that simply does not apply here.

It is unnecessary for this Court to decide whether it would apply the doctrine of exclusivity of jurisdiction to the *Nash* situation and thus differ from the *Nash* court's result in *that* case. Suffice it to say that under the circumstances of *this* case the bar of res judicata is not required either by *Federated* or by *Nash*.

### Conclusion

Reconsideration of the Second Res Judicata Order is denied. To facilitate consideration of the issue on appeal if our Court of Appeals so decides, this order is being entered immediately before the order establishing a fine for Academy's contempt of court in failing to comply with this Court's order for production of certain documents.

### SUPPLEMENTAL OPINION

One brief supplement to this Court's October 5, 1981 memorandum opinion and order may be appropriate, looking to the decision of our Court of Appeals in *Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 657 F.2d 939 (7th Cir. 1981). At page 394 of this Court's opinion it pointed out that plaintiffs could not have been said to "split" a cause of action where their state court action had been filed on Illinois common law grounds then believed by them to state

a cause of action, but not on antitrust grounds.

Let us *arguendo* entertain the opposite assumption, that plaintiffs *had* joined in their Illinois complaint the only antitrust claim that would assure them the full relief of treble damages and attorney's fees—a claim under the federal antitrust laws. That joinder would of course have met with immediate dismissal *for want of jurisdiction*, because federal courts have exclusive jurisdiction over federal court actions. And plaintiffs would then have been free to file this action, for as our Court of Appeals put it in *Harper Plastics*, at 943 (reversing the words "federal" and "state" to adapt the *Harper Plastics* facts to those hypothesized here):

At the outset, we consider appellant's contention that the first three counts of its amended [state] complaint were dismissed for want of subject matter jurisdiction. If that argument is correct, then *res judicata* cannot bar the [federal] proceedings because a dismissal for want of jurisdiction does not preclude a court of competent jurisdiction from reaching the merits of the claim in a subsequent suit. *See* 1B Moore's *Federal Practice* ¶ 0.405[5] at 659–62 (2d ed. 1980). That dismissal would merely preclude relitigation of the issue of whether the first tribunal had jurisdiction.

What Academy argues for application of res judicata doctrine thus extends not only to a claim that might have been made in the earlier action, but a claim that might have been made had the action been brought in a different court. *Harper Plastics* confirms that such an extension is impermissible.

After this supplement was already prepared counsel for plaintiff Treister served a notice of motion for clarification of one aspect of this Court's October 5 opinion. Their prolix statement may be reduced to simple terms:

(1) In its opinion the Court stated accurately that the Illinois antitrust statute

---

4. Indeed *Nash*, differing from Judge Learned Hand's *Lyons* decision though it did, found it "more persuasive" on that ground but made

precisely the same distinction that this Court has made on that score. *Id.* at 492.

gives a right only to *single* damages for anticompetitive actions—conspiracies in restraint of trade—described in Ill.Rev.Stat. ch. 38, § 60–3(2) or (3). In passing the Court referred to such conduct parenthetically as "calling under federal law for application of the Rule of Reason rather than per se liability."

(2) Though plaintiffs argue a conspiracy in restraint of trade—a "group boycott"—they claim that such activity is illegal per se under the Sherman Act.

This Court did not of course make or intend any *ruling* on the rule of law that applies to plaintiffs' particular claims under the *federal* statute—whether Rule of Reason or per se. That remains for the future. All that was necessary for this Court's opinion was the classification of such conduct under the *Illinois* statute, and the opinion dealt with that matter in clear and accurate terms. To the extent plaintiff Treister views the October 5 opinion as needing clarification this supplement should provide it.[1]

---

1. It should be noted for the record that the Supreme Court denied certiorari in *Nash,* —— U.S. ——, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981). That of course occasions no change in this Court's October 5 opinion.