Benjamin A. RASKY, Plaintiff,

v.

DEPARTMENT OF REGISTRATION AND EDUCATION, et al., Defendants.

No. 82 C 3725.

United States District Court, N.D. Illinois, E.D.

Nov. 29, 1982.

Benjamin A. Rasky, pro se.

James J. Ryan, Asst. Corp. Counsel, Chicago, Ill., for City of Chicago and LaVernon Rollins.

Colleen McLaughlin, Asst. Atty. Gen. of State of Ill., Chicago, Ill., for Dept. of Registration and Educ., Algis Augustine, Joan G. Anderson, Alan Scheffres and Ellis Levin.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Benjamin A. Rasky ("Rasky") sues the Department of Registration and Education ("Department"), certain of its officials, the City of Chicago ("Chicago"), two Chicago building inspectors and State Representative Ellis B. Levin ("Levin") for damages under both 42 U.S.C. §§ 1983 and 1985. Rasky claims defendants, individually and as co-conspirators, infringed his Fourteenth Amendment due process and equal protection rights in bringing about revocation of his real estate broker's license. Most defendants have moved for dismissal under Fed.R.Civ.P. ("Rule") 12(b)(6). For reasons stated in this memorandum opinion and order, this action is dismissed in its entirety.[1]

1. One of the defendant building inspectors (no longer a Chicago employee, and hence not represented by Chicago's Corporation Counsel)

## Facts[2]

In January 1977 Department filed a complaint seeking revocation of Rasky's license under a provision of the Professions and Occupations Act, Ill.Rev.Stat. ch. 111, § 5732(e)(11):

> The Department... may revoke any certificate of registration... for any one... of the following causes:
>
> (e) Where the registrant in performing or attempting to perform or pretending to perform any act as a real estate broker or salesman, or where such registrant, in handling his own property, whether held by deed, option, or otherwise, is found guilty of:
>
> > 11. Having demonstrated unworthiness or incompetency to act as a real estate broker or salesman in such manner as to safeguard the interest of the public....

Department claimed Rasky's repeated violations of the Illinois Building Code (in connection with his apartment buildings) established the requisite "unworthiness" and "incompetency."

During the few months that preceded the revocation hearing, unidentified Department officials orchestrated a defamatory publicity campaign against Rasky. State Representative Levin contributed in some unspecified manner to the media's coverage of the revocation proceedings.

Sometime before the scheduled June 14, 1977 hearing date, Rasky underwent open heart surgery. On June 8 he requested (in writing) Department to postpone the hearing until he recovered. Department did not respond. When Rasky arrived at Department's offices June 14 (expecting to receive a new hearing date), he was told the hearing had ended fifteen minutes earlier.

Department Director Joan Anderson ("Anderson") presided at the ex parte administrative hearing. Algis Augustine ("Augustine") and Alan Scheffres ("Scheffres") prosecuted the case. During the hearing building inspectors LaVernon Rollins ("Rollins") and Jack Sterling ("Sterling") perjured themselves in testifying as to various Building Code infractions committed by Rasky. Those acts of perjury stemmed from the "official policy or custom" of Chicago, employer of the building inspectors.

When Rasky made his appearance after the hearing had ended, Department refused to grant a continuance or another hearing. It formally revoked Rasky's license October 21, 1977. Both the Circuit Court of Cook County and the Illinois Appellate Court affirmed the revocation. During the administrative review proceedings before the Appellate Court, counsel for Department first acknowledged Rasky's request for a new hearing date had in fact been received.

At some point during the revocation proceedings (either at the administrative or judicial level), Rasky requested Levin to produce:

> The names and addresses of all persons who submitted Complaints to you against the Respondent setting forth all memoranda and writings thereon.[3]

That "request for discovery was rejected" (Complaint ¶ 11), but by whom (the tribunal or Levin himself) is not alleged.

## Section 1985 Conspiracy Claim

■ Rasky's responsive memorandum acknowledges Section 1985 is the legal basis for his conspiracy claim. But Section 1985 proscribes only conspiracies fueled by "some racial, or perhaps otherwise class-based, invidious discriminatory animus." *Griffin v. Breckinridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

■ Rasky's Complaint simply does not allege a conspiracy satisfying *Griffin.*

---

has not filed a motion to dismiss. Because this Court's rationale for dismissal as to the moving defendants applies equally to the one nonmoving defendant, there is no point in preserving a portion of the defective Complaint.

**2.** As required on a motion to dismiss, this opinion has credited the Complaint's well-pleaded allegations. No findings are implied by labeling those allegations "facts," nor is any favorable value judgment intended by characterizing portions of the prolix Complaint as "well-pleaded" in the purely legal sense.

**3.** This passage appeared in a "Notice to Produce" tendered by Rasky.

Even if (as Rasky asserts for the first time in his responsive memorandum) defendants' conspiracy was directed against him because of his membership in the class of "slum landlords," Section 1985 is still inapplicable. Nothing in the Complaint alleges facts showing the conspiracy was so directed and the criteria defining such a "class" were invidious. *See Brainerd v. Potratz,* 421 F.Supp. 836, 839 (N.D.Ill.1976).

### Section 1983 Claims

Rasky's Section 1983 claims also have serious deficiencies. Many of Rasky's grievances resemble non-constitutional torts (such as defamation and malicious prosecution), involving no deprivation of a right, privilege or immunity secured by the Constitution and laws of the United States—the only type of injury redressable under Section 1983. *See Brainerd,* 421 F.Supp. at 840.

Apart from those matters, Rasky's Complaint charges various procedural irregularities infecting the administrative proceedings. However, even if such claimed improprieties offend the Due Process Clause, no Section 1983 *damage* relief can be obtained against any of the defendants.[4] Although that conclusion is beyond dispute, it requires extended discussion.

1. *Department*

■ Rasky's Section 1983 claim against Department is fatally defective. Substan-

tial authority supports the proposition that as a state agency, Department should not be considered a "person" within Section 1983's coverage. But even if it were, the Eleventh Amendment insulates it from Section 1983 damage liability.

Nearly a decade ago *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) held (1) the Eleventh Amendment forbids suits against *state officers* for retrospective monetary relief and (2) Section 1983 was not intended to abrogate the state's Eleventh Amendment immunity.[5] Then the per curiam decision in *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 56 L.Ed.2d 1114 (1978) dismissed a State and a State agency as defendants in a Section 1983 suit seeking only injunctive relief. *Pugh* thus extended the Eleventh Amendment bar to Section 1983 injunctive actions against a state or its instrumentalities, implicitly ruling Section 1983 did not revoke the immunity defense in that context either.

Having foreclosed Section 1983 plaintiffs from any possible relief (monetary or injunctive) against a state agency, *Edelman* and *Pugh* effectively appear to hold such an agency is not a "person" for Section 1983 purposes.[6] *Accord, Kompara v. Board of Regents,* 548 F.Supp. 537, 540–42 (M.D. Tenn.1982); *Chai v. Michigan Technological University,* 493 F.Supp. 1137, 1160–62 (W.D.

---

**4.** In affirming Department's action against Rasky, the Illinois courts may well have conclusively resolved the due process issues raised by Rasky here. Because this case can be dismissed on alternative grounds, this Court expresses no opinion on the applicability of res judicata or collateral estoppel.

**5.** *Edelman* necessarily focused on the congressional intent issue. Section 1983 was enacted under Section 5 of the Fourteenth Amendment, which authorizes congressional curtailment—if desired—of the immunity afforded by the Eleventh Amendment. *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 452, 456, 96 S.Ct. 2666, 2669, 2671, 49 L.Ed.2d 614 (1976).

**6.** Though perhaps somewhat ambiguous, *Quern v. Jordan,* 440 U.S. 332, 342–43, 99 S.Ct. 1139, 1145–46, 59 L.Ed.2d 358 (1979) also supports this construction of Section 1983. First, *Quern*

endorsed *Pugh,* emphasizing its compatibility with *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which had found "local governmental units" to be amenable to suit under Section 1983. Second, the *Quern* majority (440 U.S. at 340, 99 S.Ct. at 1140) vigorously opposed Justice Brennan's assertion (*id.* at 350, 99 S.Ct. at 1150) that a state is a Section 1983 "person," reaffirming *Edelman's* holding that "§ 1983 does not abrogate the State's Eleventh Amendment immunity...." In that connection, the *Quern* Court discussed with approval *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), which in the words of the majority "rejected a similar attempt to interpret the word 'person' in § 1983 as a withdrawal of the historic immunity of State legislators." 440 U.S. at 342–43, 99 S.Ct. at 1145–46.

Mich.1980); *Bailey v. Ohio State University,* 487 F.Supp. 601, 603 (S.D.Ohio 1980). Nonetheless, substantial case law reaches the contrary conclusion. *Harris v. Arizona Board of Regents,* 528 F.Supp. 987, 991–92 (D.Ariz.1981); *Gay Student Services v. Texas A & M University,* 612 F.2d 160, 163–64 (5th Cir.), *cert. denied,* 449 U.S. 1034, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980); *Tayyari v. New Mexico State University,* 495 F.Supp. 1365, 1370 (D.N.M.1980).[7] Of course all those cases, on both sides of the issue, involve state universities—which (depending on the governmental structure) may or may not stand in a different posture from a state agency like Department.

Those cases and the questions they pose need not be reconciled here. Whether or not a "person," Department is unquestionably invulnerable to Section 1983 damage actions under the Eleventh Amendment's sovereign immunity doctrine. That is the plain teaching of *Edelman.* Rasky's Section 1983 claim must be dismissed against Department.

**2.  *Anderson, Augustine and Scheffres***

■ *Edelman* equally supports dismissal of the Section 1983 damage claim against Department's officials. Consequently the Court need not determine whether such officials are also shielded from damage liability because, in committing the charged acts, they were performing functions that closely parallel those of judges and prosecutors (who are entitled to absolute immunity). *See Butz v. Economou,* 438 U.S. 478, 508–17, 98 S.Ct. 2894, 2911–16, 57 L.Ed.2d 895 (1978); *United States v. Irving,* 684 F.2d 494 (7th Cir.1982).

**3.  *Chicago and Its Building Inspectors Rollins and Sterling***

■ *Monell* (see n. 6) compels Chicago's dismissal. It limits Section 1983 govern-

mental liability to instances where some official policy has *caused* a government employee to violate another's constitutional rights. 436 U.S. at 692, 98 S.Ct. at 2036.

Rasky has not adequately alleged such ·a causal nexus. Complaint ¶ 3 contains general "under color" and "official policy or custom" allegations as to all defendants, widely separated from the perjured testimony allegations of Complaint ¶ 12. Though the pleading line is not always a bright one, Rasky falls short of satisfying even the expansive approach to Rule 8 adopted by this Court in such cases as *Thompson v. Village of Evergreen Park,* 503 F.Supp. 251, 252 (N.D.Ill.1980).[8]

■ Nor can Section 1983 liability be assessed against Rollins and Sterling themselves for their alleged acts of perjury. Like the majority of Courts of Appeals that have considered the issue, our own Court of Appeals has held in *Briscoe v. LaHue,* 663 F.2d 713, 717–21 (7th Cir.1981) that public officials are absolutely immune from suit under Section 1983 for falsely testifying in state courts. While *Briscoe* is now before the Supreme Court (oral argument was heard Nov. 9, 1982, 51 U.S.L.W. 3377), the Court of Appeals' decision controls this Court's action at this time.

**4.  *Levin***

■ Finally Rasky's Complaint fails to state a Section 1983 claim against State Representative Levin. Complaint ¶ 11 asserts two grounds for such relief:

1.  Levin "participated in newspaper releases, radio and TV broadcasts [concerning the revocation proceedings against Rasky] for purposes of political advancement."

---

**7.**  *Kurek v. Pleasure Driveway & Park Dist. of Peoria,* 583 F.2d 378 (7th Cir.1978) (per curiam) did not settle the issue in this Circuit. There our Court of Appeals said *Monell* "establishes that governmental units may be 'persons' within the meaning of 42 U.S.C. § 1983." 583 F.2d at 380. But the defendant in *Kurek* was a *local* (not a state) governmental unit. Equally important, *Kurek* predated *Pugh* and *Quern.*

**8.**  This holding seems likely to have saved Rasky from the consequences of his own folly. If he were to persist in a claim that Chicago has a custom or policy of causing its building inspectors to commit perjury, and if he were to come up empty in proof of that proposition, Section 1988 liability would appear to be a very real possibility. See *Larson v. Wind,* 548 F.Supp. 479 (N.D.Ill.1982).

2. Rasky's efforts to require Levin to disclose certain information were rejected.

It is difficult at best to ascribe any wrongdoing on Levin's part to the first allegation (even in conclusory terms). But even were the allegation read to charge defamation, it would not ground Section 1983 liability. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) teaches that mere loss of reputation by defamation does not implicate any liberty or property interest protected by the Due Process Clause. *See also Cole v. Gray,* 638 F.2d 804, 811 (5th Cir.1981).

■ Rasky's second contention is patently frivolous. Complaint ¶ 11 doesn't even allege the refusal to comply with the discovery request was Levin's. And even if it were Levin who was recalcitrant, a court order to compel discovery · (backed with sanctions) supplies the proper remedy. Section 1983 is not called into play for such matters.

After this opinion was already written, Levin filed a tardy motion to dismiss, adopting the other defendants' memoranda and also asserting a res judicata defense. It appears that Rasky filed a state court proceeding against Levin and other defendants that was held not to state a claim on which relief could be granted. *Rasky v. CBS,* 103 Ill.App.3d 577, 59 Ill.Dec. 298, 431 N.E.2d 1055 (1st Dist.1981). State courts have consistently been held to have jurisdiction of Section 1983 actions (*see, e.g., Colvin v. Bowen,* 399 N.E.2d 835, 837 (Ind.Ct.App. 1980), so that Rasky could have asserted his current claim against Levin in the state court proceeding. Because Rasky has not had the opportunity to brief the issue, however, this opinion will not rely on the possible alternative ground of res judicata as to Levin—though it certainly seems sound on its face.

### Conclusion

Rasky's Complaint is dismissed for failure to state a claim on which relief can be granted against any of the defendants. Because repleading could not stretch the alle-

gations to embrace Section 1983's coverage, this action is dismissed with prejudice as well.