**Warren MOSLER, Paul Pfohl and Peter Todebusch, Plaintiffs,**

**v.**

**M/K VENTURES INTERNATIONAL INC., a corporation, Antioch Project Limited, a limited partnership, Victor Petroleum Corporation, S/P Enterprises, Inc., a corporation, Ralph D. Santilli III, Michael McKenzie, Michael Krebsar, Barry Cline, John Van Krevel, Peter B. Carey, and Roger Pfohl, Defendants.**

No. 84 C 2178.

United States District Court, N.D. Illinois, E.D.

Oct. 25, 1984.

Lee Ann Watson, David K. Schmitt, Katten, Muchin, Zavis, Pearl & Galler, Donald E. Egan, Chicago, Ill., for plaintiffs.

Kimball R. Anderson, Winston & Strawn, Douglass G. Hewitt, Chicago, Ill., for Victor Petroleum Corp., Cline and Van Krevel.

Franklin J. Lunding, Jr., Charles M. Biggam, Jr., Biggam, Cowan, Marquardt & Lunding, Chicago, Ill., for S/P Enterprises and Carey.

Lillian Miller, Matthew A. Rooney, Mayer, Brown & Platt, Chicago, Ill., for Krebsar.

## Memorandum

LEIGHTON, District Judge.

This cause is before the court on plaintiffs' motions to vacate an order of September 20, 1984 imposing sanctions pursuant to Fed.R.Civ.P. 11, and for leave to file amended complaint, pursuant to Fed.R.Civ.P. 15(a).

*Background*

Plaintiffs filed this suit against 11 defendants, alleging, among other things, violations of federal securities laws in connection with the offering of limited partnership interests in certain oil and gas wells. The Victor defendants (Victor Petroleum Corporation, Barry Cline and John Van Krevel) are alleged to have been involved by virtue of their drilling the oil and gas wells in question. These defendants moved to dismiss the action against them for failure to state a claim, lack of venue, lack of subject matter jurisdiction, the absence of *in personam* jurisdiction, and for sanctions. On September 20, 1984, this court granted the motion on the ground that the complaint failed to state a claim against them, a ruling that was dispositive of the action as against those defendants. It was this court's view that the conclusory nature of the allegations not only warranted dismissal of the action, but also merited sanctions against the lawyer for the plaintiffs who signed the complaint in apparent violation of Fed.R.Civ.P. 11, which requires a "reasonable inquiry that ... the allegations are well grounded in fact and law."

I

One factor in the court's determination to impose sanctions was that plaintiffs did not address the merits of the Victor defendants' motion for sanctions but cavalierly stated in a footnote that the "prematurity and frivolousness of that motion is obvi-

ous." Unbeknownst to the court however, the parties had agreed that plaintiffs would defer responding to the motion for sanctions until after the court had ruled on the motion to dismiss. Plaintiffs' counsel was to inform the court of this arrangement in their opposition brief to the motion to dismiss, but inadvertently failed to include such a reference. Hence, the court was forced to rule on a cold and misleading record, and thus incorrectly concluded that plaintiffs' remarks regarding prematurity and frivolity were intended as their response. To the extent that the court's ruling was based on misinformation, it is vacated without prejudice.

## II

Plaintiffs also move to file an amended complaint pursuant to Fed.R.Civ.P. 15(a). Under that rule, "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served." Plaintiffs aver that because the Victor defendants have served no answer, and because a motion to dismiss is not a responsive pleading, their right to amend under Rule 15(a) is absolute.

■ This statement is undoubtedly true when a party can correct the defect in his pleading. But, if repleading does not correct the defects in the party's claim, a court should not grant leave to replead. 6 C. Wright, A. Miller, *Federal Practice & Procedure*, § 1483 (1969); *see also, Textor v. Board of Regents*, 711 F.2d 1387, 1391 (7th Cir.1983) (a district court may refuse to allow amendment of a complaint when the proposed amendment fails to cure the deficiencies of the original complaint); *Sarfaty v. Nowak*, 369 F.2d 256, 259 (7th Cir.1966), *cert. denied*, 387 U.S. 909, 87 S.Ct. 1691, 18 L.Ed.2d 627 (1967) (Rule 15(a) does not require a court to do a futile thing).

■ This court found plaintiffs' original complaint defective because it stated only conclusory allegations of wrongdoing by the Victor defendants. *Brainerd v. Potratz*, 421 F.Supp. 836 (N.D.Ill.1976). Those defendants were charged with serious violations of federal securities laws, yet they were given no details concerning their role in the allegedly fraudulent oil and gas scheme. It is well established that Fed.R.Civ.P. 9(b), requiring specificity in allegations of fraud, is also applicable to the antifraud provisions of the securities laws. *Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir.1975). Such particularization is required to apprise the accused party of the charges against him. *Burkhart v. Allson Realty Trust*, 363 F.Supp. 1286, 1289 (N.D. Ill.1973). It is obvious that the proposed amendment does not do this.

■ Nonetheless, plaintiffs insist that their proffered pleading cures the deficiencies of the original complaint, and that they should be granted leave to amend. This court disagrees. The amendment alleges that certain allegedly unreliable information supplied by the Victor defendants was given to plaintiffs at a meeting in defendant Peter Carey's Chicago office. It is not alleged that any Victor defendant was present at this meeting; nor that other defendants were acting as their agents in tendering information neither offered nor authored by the Victor defendants. Additionally, in an abrupt and conclusory manner, plaintiffs state that the Victor defendants knew of a meeting which was to take place between M/K Ventures Group and Illinois investors, and that the Victor defendants provided information for that meeting. Again, the complaint is devoid of allegations that the Victor defendants, directly or indirectly, participated in the meeting, or even that the information provided was in any way untrue or misleading.

■ As defendants correctly argue in their motion to deny plaintiffs leave to file, more is needed to state a claim for violations of the antifraud provisions of federal securities laws. Liability does not attach under those provisions merely because a defendant is silent or inactive while others perpetrate frauds. *Hochfelder v. Midwest Stock Exchange*, 503 F.2d 364 (7th Cir. 1974), *cert. denied*, 419 U.S. 875, 95 S.Ct. 137, 42 L.Ed.2d 114. For these reasons,

the court concludes that the allegations of fraud against the Victor defendants are no more clearly delineated in the proposed amendment than in the original complaint, where none of the described activities of these defendants connected them to the fraud alleged in the formation and sale of partnership interests complained of by plaintiffs.

The remaining counts of the proposed amended complaint suffer from the same lack of particularity regarding wrongdoing by the Victor defendants. Counts II and IX contain the additional defect that they are alleged "on information and belief." Such allegations are insufficient to satisfy the requirements of Fed.R.Civ.P. 9(b) unless accompanied by a statement of the facts upon which the belief is founded. *Duane v. Altenburg*, 297 F.2d 515 (7th Cir.1962). That is not done here.

After holding that the fraud claims against the Victor defendants were conclusorily pleaded in the original complaint, the court expressed concern over the allegations of contacts of the Victor defendants with the State of Illinois. While due process does not require minimum contacts when the suit involves a federal question, for the remaining counts, plaintiff must rely on the Illinois long-arm statute, which does require such contacts between the state and defendants. *See Gemini Enterprises, Inc. v. WFMY Television Corp.*, 470 F.Supp. 559 (M.D.N.C.1979). This court concludes that the proposed amendment does not cure the earlier defects in this regard. *Green v. Advance Ross Electronics*, 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981). It is the judgment of this court, therefore, that the proposed amended complaint does not cure deficiencies in the original complaint. *See Textor v. Board of Regents*, 711 F.2d at 1391. Accordingly, plaintiffs' motion to vacate order of sanctions is granted; and their motion for leave to file the proposed amended complaint is denied.

So ordered.