Russell J. OSSLER, et al., Plaintiffs,

v.

VILLAGE OF NORRIDGE, et al., Defendants.

No. 82 C 4947.

United States District Court, N.D. Illinois, E.D.

Jan. 27, 1983.

limitations, regardless of how the tort is designated.

Richard L. Wexler, Wexler, Siegel & Shaw, Stuart Smith, Chicago, Ill., for plaintiffs.

William W. Kurnik, Judge, Kurnik & Knight, Park Ridge, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In their three count complaint (the "Complaint"), the owners of the beneficial interest in, and the trustee under, a conventional Illinois land trust have sued the Village of Norridge ("Norridge"), the members of Norridge's Board of Trustees (collectively the "Village Board") and the Chairperson of Norridge's Zoning Board of Appeals ("Board of Appeals"). Plaintiffs charge defendants' refusal to rezone the real estate held in the land trust (the "Property") violated the antitrust laws and 42 U.S.C. § 1983 ("Section 1983") (in the latter respect, charging violations of due process and equal protection). Defendants have now moved to dismiss this action for failure to state a legally cognizable claim. For the reasons stated in this memorandum opinion and order, the motion is granted in all respects save one.

### Allegations of the Complaint

On December 17, 1977 plaintiff Russell J. Ossler ("Ossler") acquired an option to purchase the Property, intending to build a condominium complex. Before Ossler could undertake such a project he had to convince defendants to rezone the Property, which at that time was restricted to single-family residences.

Ossler discussed the proposed multiple-family-unit rezoning with members of the Village Board and was assured rezoning would be approved. Relying on those representations, plaintiffs expended more than $1.25 million for land acquisition, interest, property taxes and development expense for a proposed 52-family multiple-dwelling-unit project. And on August 4, 1978 plaintiffs filed an application for rezoning.

Contrary to the assurances given plaintiffs, the Board of Appeals' Chairperson invited neighborhood opposition to the application, and the Board of Appeals then rejected the rezoning. In the meantime the Village Board enacted amendments to Norridge's zoning ordinance to block plaintiffs' development by raising the standards governing the proposed type of development. Defendants undertook their actions pursuant to their "policies, plans and agreements to hinder, delay, thwart, discourage and prevent the plaintiffs' real estate development on the subject site and for no other reason" (Complaint ¶ 27).

At the same time defendants approved rezoning "for substantially similar developments to that proposed by plaintiffs at substantially similar locations" (Complaint ¶ 15(e)). Plaintiffs identify two such instances of differential treatment:

1. Real estate owned by a "sister municipal corporation" to Norridge was rezoned (Complaint ¶ 36).

2. After plaintiffs had conveyed the Property to their mortgage lender in lieu of foreclosure, defendants rezoned the Property itself for multiple-family use for the benefit of the successor owner (Complaint ¶ 15(f)).

### Counts I and II

Count I, brought under Section 1983, asserts defendants violated the Due Process Clause because their denial of plaintiffs' rezoning application:

1. infringed plaintiffs' supposed property right "to develop the ... Property consistent with the development of other properties of a like nature in ... Norridge" (Complaint ¶ 32);

2. lacked any rational basis (particularly in light of defendants' efforts to encourage the filing of the application) (Complaint ¶ 33); and

3. impinged upon plaintiffs' "profit rights" by effectively prohibiting development of the Property.

Also grounded in Section 1983, Count II charges defendants' refusal to rezone contravenes the Equal Protection Clause by arbitrarily discriminating both against private property owners as a class and against plaintiffs alone.

 Defendants invoke res judicata principles for dismissal of Counts I and II.[1] They point to a state court decision, *Northwest National Bank v. Village of Norridge,* No. 79 L 16449 (Cir.Ct. of Cook County, Mar. 10, 1981), finding for Norridge and against Ossler's attack on denial of the rezoning petition under the Due Process and Equal Protection Clauses.[2] Ossler and his fellow plaintiffs had charged in their state court complaint (emphasis added):

17. The Plaintiffs have a large and substantial investment in their property and have great need to improve the same in the manner aforesaid and should the Defendant's Zoning Ordinance be construed so as to prevent the utilization of said property, as proposed, then the action of the Village Board in passing said Zoning Ordinance and refusing to amend the same as requested by Plaintiffs with appropriate variances, would constitute an unwarranted, unreasonable, unconscionable and capricious exercise of power, *tending to deprive the Plaintiffs of their property without due process of law* and that such action would therefore be void.

18. Should the present Norridge Zoning Ordinance be so construed as to prevent the Plaintiffs from using their property in the manner as proposed, then *said Ordinance would discriminate against Plaintiffs and would deprive Plaintiffs of the equal protection of the laws,* since other real estate in the Village and in the immediate vicinity of Plaintiffs' property is permitted to maintain uses either the same or similar or more intense to that

[sic] uses which Plaintiff desires to make of his property aforesaid.

In its Judgment Order the state trial court rejected all of plaintiffs' arguments:

This cause coming on to be heard for trial on the complaint for declaratory judgment filed herein by plaintiffs, NORTHWEST NATIONAL BANK T/U/T dated 1–28–74, and known as Trust no. 2173, and RUSSELL J. OSSLER and JOSEPHINE OSSLER, and the answer thereto filed by defendant, VILLAGE OF NORRIDGE, a municipal corporation, and the Court having heard the evidence adduced by both parties and the arguments of counsel, and having considered the memorandum of law filed herein, hereby finds the issues in favor of defendant VILLAGE OF NORRIDGE, a municipal corporation, and against plaintiffs, NORTHWEST NATIONAL BANK T/U/T dated 1–28–74, and known as Trust no. 2173, and RUSSELL J. OSSLER AND JOSEPHINE OSSLER;

IT IS THEREFORE ORDERED that the complaint for declaratory judgment filed by plaintiffs be and the same is hereby dismissed.

 Under 28 U.S.C. § 1738 this Court must look to Illinois doctrine to determine what preclusive effect should be accorded that prior judgment. *See Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 416, 66 L.Ed.2d 308 (1980). And as *Morris v. Union Oil Co. of California,* 96 Ill.App.3d 148, 153, 51 Ill.Dec. 770, 774, 421 N.E.2d 278, 282 (5th Dist.1981) describes res judicata, that "sweeping doctrine . . . prohibits the relitigation of claims and issues that were raised or could have been raised by a prior action between the same parties or their privies which has been resolved by final judgment on the merits by a court of competent jurisdiction."

---

1. Because that contention is dispositive as to Count I, defendants' other ground for dismissing the same count need not be probed.

2. For res judicata purposes it is irrelevant that plaintiffs brought the earlier claims directly under the Fourteenth Amendment rather than under Section 1983 (as plaintiffs do in the Com-

plaint). State courts have concurrent jurisdiction under Section 1983, *see Rasky v. Department of Registration and Education,* 553 F.Supp. 627 at 632 (N.D.Ill.1982), and res judicata bars claims brought or that could have been brought in the earlier action.

Plaintiffs do not deny both actions involve "the same parties or their privies."[3] But they do vigorously insist the due process and equal protection claims (or causes of action) pressed in the earlier state lawsuit are wholly distinct from the constitutional claims now advanced. They say the constitutional challenge launched in the state action dealt with defendants' official conduct (denial of plaintiffs' rezoning application), while the present attack centers on actions taken by defendants before and after that rezoning determination:

1. privately encouraging plaintiffs to file rezoning applications and to revise their development plans while publicly voting against and stirring community resistance to those endeavors;

2. adopting more stringent zoning standards for the type of development project contemplated by plaintiffs; and

3. denying plaintiffs' rezoning application under the amended standards while granting those of similarly situated developers (including the successor owner of the Property).

As to defendants' actions antedating the rezoning refusal, plaintiffs plainly misconceive the scope of Illinois' res judicata doctrine. For its purposes, two causes of action are identical if they share "a single core of operative facts." *Morris,* 96 Ill. App.3d at 157, 51 Ill.Dec. at 777, 421 N.E.2d at 285; *Himel v. Continental Illinois Nat. Bank and Trust Co. of Chicago,* 596 F.2d 205, 209 (7th Cir.1979) (Illinois diversity action held premised on same cause of action as an earlier Illinois action if both arose out of the "same basic factual situation") (quoting *Lambert v. Conrad,* 536 F.2d 1183, 1186 (7th Cir.1976)).

Certainly this action and the state proceeding are rooted in the same "core of operative facts"—the circumstances surrounding defendants' denial of plaintiffs' rezoning petition. Contrary to plaintiffs' assertion, their Complaint here does focus on the propriety of defendants' zoning action. And virtually all of defendants' conduct now complained of could have been offered to support the due process and equal protection theories articulated in the state court.[4] In part res judicata is designed to prevent just such splitting of a cause of action.

So it is that only additional factual allegations presenting "changed circumstances" (that materialized after entry of the earlier judgment) can allow a claim to be litigated in the second action. *See Morris,* 96 Ill.App.3d at 157, 51 Ill.Dec. at 777, 421 N.E.2d at 285; 23A I.L.P. Judgments § 331, at 114 (res judicata "extends only to the facts and conditions as they were at the time a judgment was rendered"). Only one aspect of the three assertedly new factual grounds for Section 1983 relief falls within that exception: defendants' rezoning of the Property for a later owner. That alone refers to events transpiring after entry of the state court judgment.

Taken with all reasonable inferences in plaintiffs' favor (as is required on a motion to dismiss), that one assertion states an equal protection claim.[5] It suggests defendants intentionally discriminated against plaintiffs in denying their rezoning petition. So long as the requisite discriminatory animus is invoked, defendants are wrong in urging plaintiffs' equal protection claim is

---

**3.** Though plaintiffs in the two actions were not identical, Ossler and his wife were plaintiffs in each, and there is no doubt the other plaintiffs in the two actions were in privity with each other. Plaintiffs have not opposed defendants' res judicata argument on that score.

**4.** All the newly-alleged defendants' actions (described earlier in the text) were taken before the state action was instituted, except for rezoning of the Property itself at the behest of the new owner. In fact the charge that similarly situated developers had obtained rezoning

was expressly mentioned in Paragraph 18 of the state court complaint, quoted earlier.

**5.** Defendants' alleged change of heart does not however support a due process claim. In the earlier case the state court, after scrutinizing the merits of defendants' initial rezoning refusal, conclusively recognized its rational basis. At most the later grant of rezoning implies defendants would have had reasonable justification to approve (as well as to disapprove) plaintiffs' rezoning application.

defeated by the possibility such disparate treatment did not extend to other zoning applicants. Indeed the very wording of the Fourteenth Amendment—"nor shall any State … deny to *any person* within its jurisdiction the equal protection of the laws"—literally embraces equal protection charges of invidious discrimination against single-member "groups."[6]

In sum both Counts I and II must be dismissed on res judicata principles, except insofar as Count II rests on Complaint ¶ 15(f). This leaves precious little surviving, for the effect of the state court action is that the rezoning of *other* parcels was not a denial of equal protection.

### Count III

 Count III asserts a conspiracy among defendants, in violation of the antitrust laws, to deny plaintiffs' rezoning application while granting rezoning for similar property owned by both municipal corporations and private parties. That claim too must be dismissed, for it fails to assert anticompetitive motivations or consequences attending the conspiracy—one or the other being a critical ingredient of a civil antitrust action. *See McLain v. Real Estate Board of New Orleans, Inc.,* 444 U.S.

232, 243, 100 S.Ct. 502, 509, 62 L.Ed.2d 441 (1980).

Indeed the Complaint itself forecloses any such contention:

1. Complaint ¶ 15(f) acknowledges defendants rezoned the Property for condominium development after it changed ownership.

2. Complaint ¶ 14 characterizes defendants' claimed conspiracy as having the "purposes of hindering, delaying, thwarting, discouraging, and preventing real estate development and substantial economic growth or change on the Property *when owned by Plaintiff*" (emphasis added).

In short, plaintiffs concede defendants neither restricted nor intended to restrict the availability of condominium apartments in Norridge. There was no market purpose or effect. Accordingly defendants' alleged vendetta against plaintiffs is not actionable under the antitrust laws.[7]

### Conclusion

Defendants' motion to dismiss is granted in all respects except for the limited survival of Count II already discussed. Because so little of the Complaint survives, it is

6. This Court does not read Seventh Circuit law, most recently *Shango v. Jurich,* 681 F.2d 1091, 1103–04 (7th Cir.1982), as necessarily holding otherwise. *Shango* properly requires a showing of "purposeful or invidious discrimination" to trigger Equal Protection Clause coverage. And of course such discrimination is most often found in the class-based context (after all, most equal protection claims are grounded in allegedly discriminatory statutes or ordinances—which by their very nature create classifications—rather than complaining of the unequal enforcement of statutes or ordinances fair on their face). But if purposeful and invidious discrimination rears its head by making an individual an outlaw, intentionally deprived of the protection the law affords all others, this Court will not hold that individual unsheltered by the Equal Protection Clause in contravention of its literal language. *Shango* seems to leave that reading a permissible one, 681 F.2d at 1104 (emphasis added):

> In the context of this case, plaintiff had to do more than establish a reasonable probability that he was the victim of an erroneous decision; he had to establish a reasonable likelihood that state officials had purposefully and

> intentionally discriminated *against him* in denying him the hearing.

And if our Court of Appeals meant to indicate otherwise, this Court respectfully disagrees. This Court's reading accords fully with the seminal decision in *Snowden v. Hughes,* 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944), which dealt with a claim by an individual and spoke throughout of the viability of equal protection claims alleging "intentional or purposeful discrimination between *persons* or classes" (*id.* at 7, 64 S.Ct. at 400), "action taken with respect to a particular class or *person*" (*id.* at 8, 64 S.Ct. at 401), "discriminatory design to favor one *individual* or class over another"(*id.*) and "purposeful discrimination between *persons* or classes of persons" (*id.* at 10, 64 S.Ct. at 402). Accord such decisions as *Burt v. City of New York,* 156 F.2d 791 (2d Cir.1946) (L. Hand, J.), applying the *Snowden* doctrine in precisely the way this Court does.

7. Defendants also advance other reasons to dismiss Count III, but given its basic insufficiency discussed in the text, no more need be said.

dismissed in its entirety. Plaintiffs are ordered to replead on or before February 11, 1983, and defendants are ordered to answer the amended complaint on or before February 25, 1983. This action is set for a status hearing March 7, 1983 at 9 a.m.