COUNTY OF COOK, Plaintiff,

v.

Joan LYNCH, et al., Defendant.

No. 81 C 5985.

United States District Court,
N.D. Illinois, E.D.

Oct. 29, 1986.

Mark R. Davis, Ass't and Richard M. Daley, State's Atty. of Cook County, Chicago, Ill., for plaintiff.

John A. Dienner, II, Matthias A. Lydon, Pierce, Lydon, Griffin & Montana, Chicago, Ill., for Joan Lynch.

## ORDER

NORGLE, Judge.

This lawsuit by the County of Cook (COUNTY) seeks treble damages from the Defendant, Joan Lynch (LYNCH), under 18 U.S.C. § 1964(c) of the Racketeer Influenced and Corrupt Organizations Act (RICO). The Court's last encounter with this lawsuit resulted in a partial victory and a partial defeat for County on its motion for summary judgment. *County of Cook v. Lynch*, 620 F.Supp. 1256 (N.D.Ill. 1985). The Court concluded that 1) County's measure of damages under § 1964(c) was correct (the entire salaries of the corrupt officials during the period of the bribery scheme in which Lynch participated) (*id.* at 1257); 2) County's injury could not be apportioned among all potential defendants (all persons who may have paid bribes to the corrupt officials) (*id.* at 1259); and 3) Lynch could not meet her burden of establishing a rational means of apportioning damages among potential defendants (*id.*). Additionally, the Court concluded County failed to meet its burden of demonstrating the application of the doctrine of collateral estoppel on its motion for summary judgment.

County's failure to carry its burden on the collateral estoppel issues had two aspects. But both aspects shared a common fault: an inadequate record in support of the motion for summary judgment. Lynch's conviction on Count 14 of the indictment (the RICO count) was inconclusive (for collateral estoppel purposes) because the predicate acts were charged in the conjunctive. Similarly, County failed to adequately establish the time frame for Lynch's involvement in the scheme to bribe Woodlock and Smith.

Before the Court is County's renewed motion for summary judgment. County again insists that it is entitled to the application of collateral estoppel. In support of its renewed motion County has submitted the 1) pleadings, transcripts and jury instructions from Lynch's criminal trial; 2) a proposed order specifying the facts which County believes Lynch is collaterally estopped from relitigating; and 3) an index containing page references to the testimony in the transcript for each fact which the County contends Lynch is estopped from relitigating.

The index submitted by County directs the Court's attention to testimony in the transcript of Lynch's criminal trial which supports the contention that Lynch bribed Woodlock and Smith. *See* Appendix 1. Lynch counters with the argument that the RICO count offers no clearer basis for collateral estoppel on this motion than it did on County's previous motion for summary judgment. The Court agrees.

Lynch was found guilty on Counts 1 through 5, 7 through 9, 13, and 14 of the indictment. Counts 1 through 13 charged Lynch with mail fraud (18 U.S.C. § 1341). Count 14 charged a violation of RICO with mail fraud and bribery as the predicate acts. Lynch's conviction on the individual mail fraud counts and the RICO count renders the County's collateral estoppel theory unpersuasive.

The RICO count charged Lynch with engaging in a pattern of racketeering activity

by committing "multiple acts of bribery *and* mail fraud" involving payments of money to corrupt officials (Woodlock and Smith). (emphasis added). As the Court noted in its previous Order, drafting the RICO Count in the conjunctive (*e.g.*, "bribery *and* mail fraud") renders the application of collateral estoppel in this lawsuit problematic because the jury may have rested its verdict on any one of three bases: Lynch committed (1) bribery, (2) mail fraud, or (3) both. *Lynch*, 620 F.Supp. at 1260. County's submission of the pleadings and transcript from Lynch's trial does not alter the uncertainty arising from the jury's verdict. Theoretically it may be possible to show a jury's verdict rests on the first of two alternate grounds when there is insufficient evidence to support a verdict on the other ground. But that is not the case here; there is ample evidence in the transcript of Lynch's criminal trial to support a verdict based on mail fraud or bribery as the predicate acts of a RICO violation. Nevertheless, application of collateral estoppel becomes difficult because the Court cannot say (from the transcript and pleadings of Lynch's criminal trial) precisely what the jury actually and necessarily decided.

There are, however, other reasons to apply collateral estoppel in this lawsuit. On its previous motion for summary judgment the County seemed to use the Seventh Circuit's affirmance of Lynch's conviction as a basis for interpreting the jury's verdict. That argument was unpersuasive because, as the Seventh Circuit observed in *Kurek v. Pleasure Driveway & Park Dist. of Peoria*, 583 F.2d 378, 380 (CA7 1978), "it is the judgment, properly construed in the light of the pertinent facts, that creates the potential for estoppel, not the appellate decision affirming it." [1] Even though the Court may not use Lynch's appeal as a basis for intepreting the result of her criminal trial, the application of collateral estop-

pel in this lawsuit is not necessarily foreclosed.

■ As a general rule collateral estoppel arises when 1) the party against whom estoppel is asserted was a party to the prior adjudication, 2) the issues forming the basis for the estoppel were actually litigated and decided on the merits in the prior suit, 3) resolution of the issues was necessary to the prior judgment, and 4) the issues decided in the prior suit are identical to the issues raised in the subsequent suit. *County of Cook v. Midcon Corp.*, 773 F.2d 892, 898 (CA7 1985). *See generally* Wright, *The Law of Federal Courts* at 682–85 (4th ed. 1983). When a judgment rests on alternate grounds, either one of which is sufficient to support the judgment, the application of collateral estoppel arising from the judgment depends upon whether one or both of the alternate grounds for the judgment have been affected by an appellate court. *See generally Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1168–71 (CA5 1981). The *Restatement (Second) of Judgments* § 27 comment o states the rule as follows:

> If the judgment of the court of first instance was based on determination of two issues, either of which standing independently would be sufficient to support the result, and the appellate court upholds both of these determinations as sufficient, and accordingly affirms the judgment, the judgment is conclusive as to both determinations. In contrast to the case discussed in Comment i, the losing party has here obtained an appellate decision on the issue, and thus the balance weighs in favor of preclusion.
>
> If the appellate court upholds one of these determinations as sufficient but not the other, and accordingly affirms the judgment, the judgment is conclusive as to the first determination.

---

**1.** The Supreme Court's decision in *Emich Motors v. General Motors*, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 538 (1951) supports that view. In the context of the collateral estoppel effect of a criminal judgment on a general conspiracy count, *Emich* requires courts in subsequent civil cases to determine precisely what was actually decided in the criminal case by examining the complete record of the criminal trial.

If the appellate court upholds one of these determinations as sufficient and refused to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination.[2]

■ On appeal, Lynch vigorously contested her guilt of mail fraud and bribery. The court of appeals, after thoughtful and thorough analysis, affirmed her conviction on both bases.[3] *See United States v. Lynch*, 699 F.2d 839 (CA7 1982). Accordingly, because Lynch raised both issues on appeal and because her conviction was affirmed on both bases, collateral estoppel precludes her from relitigating those issues in this civil suit. *See Dozer v. Ford Motor Co.*, 702 F.2d 1189, 1193–94 (CA DC 1983) (lower court decision resting on alternate grounds is *res judicata* when both grounds were argued and affirmed on appeal). Having determined that Lynch is collaterally estopped from denying that she bribed Woodlock and Smith, the Court must determine if Lynch is estopped from denying the time frame during which the bribery took place.

■ Count 14 of the indictment under which Lynch was tried and found guilty charged her with participating in a bribery scheme "[b]eginning in or around August, 1975, and continuing until in or about August, 1980." Although the Court's previous Order noted that Lynch recognized, on appeal, the length of the scheme (*see* 699 F.2d at 843), the Court nevertheless concluded the record provided by County was simply inadequate to support the application of collateral estoppel. *Lynch*, 620 F.Supp. at 1261. That inadequacy has now been cured. County has introduced the testimony from Lynch's criminal trial which supports the jury's guilty verdict on the time frame charged in Count 14. *See* Appendix 2.[4] Lynch is, therefore, collaterally estopped from relitigating the time frame during which she participated in the charged bribery scheme.[5]

One final issue remains: the calculation of County's damages. County is entitled to treble the salaries of Woodlock and Smith over the period of the charged bribery scheme. *See Lynch*, 620 F.Supp. at 1259. Accordingly, within ten (10) days of the date of this Order, County shall submit a proposed judgment Order stating the calculation of its damages and supporting affidavits.[6]

IT IS SO ORDERED.

---

2. *E.g., Gelf v. Royal Globe Ins.*, 798 F.2d 38, 43–45 (CA2 1986); *Ezagui v. Dow Chemical Corp.*, 598 F.2d 727, 732–33 (CA2 1979); *Winters v. Lavine*, 574 F.2d 46, 67–69 (CA2 1978).

3. One of the justifications for applying collateral estoppel to alternative holdings affirmed on appeal is that appellate review of a particular issue supports the view that the issue has received careful consideration. *See generally* Wright, Miller, & Cooper, *Federal Practice & Procedure: Civil* § 4421 at 208.

4. In opposition to the application of collateral estoppel on the time frame issue, Lynch apparently argues that no time frame is established by her criminal trial because *only* the mail fraud counts could have served as the predicate acts for the RICO count. Lynch's argument is premised on two erroneous assumptions. First, the assumption that *only* the mail fraud counts can serve as the predicate acts ignores the bribery charge contained in the RICO count. Next, as discussed earlier, collateral estoppel may arise from two alternate grounds affirmed on appeal. Thus, the RICO count cannot be viewed as resting solely upon mail fraud.

5. It is worth noting that the Seventh Circuit appears also to have resolved the time frame issue against Lynch on appeal. *See Lynch*, 699 F.2d at 843. Because the testimony at Lynch's trial supports the application of collateral estoppel, the Court's decision need not rest on what the Seventh Circuit decided.

6. Specifically County shall submit affidavits identifying the salaries of Woodlock and Smith for each of the years Lynch participated in the charged bribery scheme. Additionally, County must address Lynch's contention that the restitution ($100,000) ordered by Judge Bua should be offset against County's damages. Lynch contends general principles of damages require the offset. County should either address Lynch's argument or concede the offset.

## INDEX TO PROPOSED ORDER

I. JOAN LYNCH'S PARTICIPATION ) —  APPENDIX 1
IN SCHEME TO DEFRAUD        )  .

—testimony concerning payment of
money to Woodlock from Joan Lynch ........................ page(s) 366–69 of
transcript

—testimony concerning decision by
Joan Lynch to make payments to
Jimmie Smith .............................................. page(s) 374–77,
510–13 of transcript

—testimony concerning payment of
money to Jimmie Smith from Joan
Lynch .................................................... page(s) 379–82 of
transcript

—testimony concerning the fact that
Joan Lynch prepared checks for
Jimmie Smith while her husband Ron
Lynch was alive .......................................... page(s) 384–85 of
transcript

—testimony concerning Joan Lynch's
preparation of lists of pending cases
while her husband Ron Lynch was
alive ...................................................... page(s) 403–04
of transcript

—testimony concerning Jimmie Smith
receiving money from the R.M. Lynch
Company after Ron Lynch's death ............................ page(s) 467–72
of transcript

—testimony concerning the fact that
after Ron Lynch's death, James
Woodlock was to continue to
fraudulently process cases for the
R.M. Lynch Company ........................................ page(s) 563–70
of transcript

—Jury Instruction number 26
directing the jury that any person
who knowingly aids, abets, counsels,
induces or procures the commission of
a crime is guilty of that crime ................................ Jury Instruction
number 26

—testimony concerning the fact that
Joan Lynch was aware of pay-offs
made by her husband, Ron Lynch, to
public officials at the Cook County
Board of (tax) Appeals ............................................ page 740
of the transcript

—testimony concerning the fact that
Joan Lynch continued her husband's
practice of making pay-offs to public
officials at the Cook County Board of
(tax) Appeals after his death ........................................ page 740
of the transcript

—Jury Instruction number fourteen
directing the jury that although the
evidence need not establish with
certainty the exact dates of the
alleged offenses, it must establish
that the offenses were committed on
a date reasonably near the date
charged .................................................. Jury Instruction
number fourteen

—paragraphs six, eleven, thirteen,
sixteen and seventeen of count One of
the Indictment outlining the alleged
dates of Joan Lynch's alleged
involvement in the scheme to defraud ..............................Indictment

—Paragraph six of count Fourteen of
the Indictment alleging that beginning
in or around August, 1975, and
continuing until in or about August,
1980 Joan Lynch participated in the
scheme to defraud ...............................................Indictment

—Jury Instruction number 29
directing the jury that each count of
the indictment charges the defendant
with having committed a separate
offense and that they should return a
separate verdict as to each count ............................ Jury Instruction
number 29

—paragraphs twelve, thirteen,
fourteen, fifteen, sixteen, seventeen,
and twenty of count One of the
Indictment alleging Joan Lynch's
participation in the scheme to defraud ..............................Indictment

II. TIME FRAME OF JOAN LYNCH'S              )
PARTICIPATION IN SCHEME TO DEFRAUD ) —      APPENDIX 2

—testimony concerning the fact that as early as
1975 or 1976, Joan Lynch was aware of the
existence of the scheme ........................................ page(s) 404–06
of the transcript

—testimony concerning the fact that Joan
Lynch was aware that Jimmie Smith was
receiving money from her husband prior to his
death in 1979 ................................................. page(s) 421–23
of the transcript

—testimony concerning meeting between Joan
Lynch and Jimmie Smith in January of 1980 ..................... page(s) 467–68
of the transcript

—testimony concerning Joan Lynch's awareness
of her husband's arrangement with James
Woodlock and of a meeting between Joan
Lynch, Joe Armato and James Woodlock in
April of 1979 ................................................. page(s) 562–563
of the transcript