**SWIG WEILER AND ARNOW MANAGEMENT CO., INC., Plaintiff,**

v.

**Jeffrey STAHL, Lewis Stahl, Primo Construction, Inc., Coordinated Metals, Inc., Carmine Pistone, Theresa Pistone, and John Does 1 through 3, Defendants.**

No. 89 Civ. 2290 (MGC).

United States District Court, S.D. New York.

March 31, 1993.

See also 817 F.Supp. 404.

Shea & Gould, New York City by Lauren J. Wachtler, Ira Daniel Tokayer, for plaintiff Swig Weiler & Arnow Management Co., Inc.

Tenzer Greenblatt Fallon & Kaplan, New York City by Edward L. Sadowski, Paul J. Giacomo, Jr., for defendant Coordinated Metals, Inc.

Lowenthal Landau Fisher & Ziegler, New York City by Andrew Berger, for defendant Lewis Stahl.

Kostelanetz Ritholz Tigue & Fink, New York City by Linda A. Lacewell, Nora Plesent, for defendant Jeffrey Stahl.

### MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Plaintiff Swig Weiler & Arnow Management Co., Inc. ("Swig Weiler") sues defendants Lewis Stahl, Jeffrey Stahl, Coordinated Metals, Inc. ("Coordinated") and Primo Construction, Inc. ("Primo")[1] for violations of RICO. Plaintiff alleges that defendants engaged in racketeering conduct and conspired to engage in racketeering conduct in violation of 18 U.S.C. § 1962(c) and § 1962(d). Plaintiff also asserts various pendent state law claims. Defendants Lewis Stahl, Jeffrey Stahl and Coordinated move for summary judgment on both the substantive RICO claim and the claim of conspiracy to violate RICO on the ground that Swig Weiler has not sustained injury to its business or property by the conduct of which it complains as required by § 1964(c), and therefore lacks standing to bring those claims. Defendant Coordinated also moves for summary judgment on the ground that after adequate opportunity for discovery, Swig Weiler is unable to proffer any evidence on essential elements of its RICO claims on which Swig Weiler has the burden of proof. All discovery has been completed, and the case is ready for trial. For the reasons discussed below, the motions of Lewis Stahl and Jeffrey Stahl are denied, and Coordinated's motion is granted.

### BACKGROUND

Swig Weiler, a New York corporation with its principal office in Manhattan, does business as managing agent for various properties, all of which are owned by affiliates of Swig Weiler. Defendant Lewis Stahl was, at the time of the events complained of, a vice-president of Swig Weiler. Defendant Jeffrey Stahl, a physician, is Lewis Stahl's twin brother. Defendant Coordinated is a construction contractor.

Plaintiff alleges that Lewis Stahl and Jeffrey Stahl improperly received approximately $2 million in cash and merchandise from Primo, Coordinated and Todd Communications Systems, Inc., ("TCS"), formerly a defendant in this action. Plaintiff alleges that in exchange for those benefits, Lewis Stahl used his authority as a vice-president of Swig Weiler to award Primo and Coordinated lucrative Swig Weiler contracts. Finally, Swig Weiler alleges that Lewis Stahl approved false invoices totalling approximately $1.5 million which Coordinated, Primo and TCS submitted to Swig Weiler. The false invoices were paid by Swig Weiler or, in some instances, its affiliates. At oral argument, Swig Weiler conceded that its affiliates have fully reimbursed it for all of the overpayments which it made. (10/9/92 Tr. at 26.)

### DISCUSSION

A motion for summary judgment will be granted if the court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In assessing the record, "all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir.1988). However, if after discovery a nonmoving party fails to make a showing sufficient to establish the existence of an element essential to one of the claims, and on which that party will bear the burden of proof at trial, summary judgment may be granted on that claim. *See Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. In such a situation, there can be no "genuine issue as to any material fact" because a failure of proof on an essential ele-

---

1. Since the commencement of this action, Primo has filed for bankruptcy. Therefore, the action is stayed with respect to Primo.

ment of a claim of a nonmoving party "necessarily renders all other facts immaterial as to that claim" *Id.* at 323, 106 S.Ct. at 2552.

The civil RICO statute authorizes a suit by "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). To have standing, a plaintiff must establish (1) a violation of § 1962, (2) injury to business or property, and (3) causation of the injury by the violation. *Hecht v. Commerce Clearing, Inc.*, 897 F.2d 21, 23 (2d Cir.1990) (citations omitted). Under both § 1962(c) and § 1962(d), a plaintiff must prove injury proximately caused by predicate racketeering acts. *Id.* at 25.

Defendants argue that even if Swig Weiler was injured as a result of their alleged conduct, Swig Weiler has not suffered pecuniary injury because Swig Weiler's affiliates reimbursed it for any overpayments it made. Swig Weiler argues that it sustained injury from defendants' conduct and that it is entitled to recover the bribes paid to Lewis Stahl and Jeffrey Stahl and the salary payments it made to Lewis Stahl.

■ Swig Weiler has raised a genuine issue of fact as to whether it sustained injury as a result of defendants' alleged bribery scheme because Swig Weiler made salary payments to Lewis Stahl for services which he performed corruptly in violation of his duty to Swig Weiler. *See City of New York v. Bower*, No. 89–4179, 1991 WL 19810 (S.D.N.Y. Feb. 1, 1991); *County of Cook v. Lynch*, 648 F.Supp. 738, 741 (N.D.Ill.1986). Although Swig Weiler did not identify Lewis Stahl's salary as a theory of injury in its Third Amended Complaint or RICO Case Statement, this claim of injury arises from the acts of bribery set forth in Swig Weiler's pleadings, and defendants have had full opportunity to conduct discovery with respect to the amount of salary paid to Lewis Stahl. (Tokakyer Aff, Ex. 5.)

■ Swig Weiler also has raised a genuine factual issue as to whether defendants' alleged bribery scheme injured Swig Weiler to the extent that Swig Weiler has been deprived of payments to which it is entitled. An employee who receives benefits in connection with transactions conducted by him on behalf of his employer is under a duty to give the benefits to his employer, whether or not the benefits were received by the employee in violation of his duty of loyalty. *Western Electric Co. v. Brenner*, 41 N.Y.2d 291, 392 N.Y.S.2d 409, 412, 360 N.E.2d 1091, 1094 (1977) (citing Restatement (Second) of Agency §§ 388, 403 (1958)). *See also City of New York v. Citisource, Inc.*, 679 F.Supp. 393, 398 (S.D.N.Y.1988) (City allowed to recover under RICO the value of bribes paid to its employees.) Defendants argue that Lewis Stahl's receipt of benefits did not injure Swig Weiler. However, Lewis Stahl's receipt of benefits *to which Swig Weiler was entitled* did injure Swig Weiler.

■ Jeffrey Stahl correctly argues that Swig Weiler cannot show injury caused by Jeffrey Stahl's receipt of bribe payments because Jeffrey Stahl was not Swig Weiler's employee and therefore owed no duty to turn those payments over to Swig Weiler. However, under N.Y.Penal Law § 20.00, Jeffrey Stahl is subject to liability for aiding and abetting Lewis Stahl's receipt of bribes.

■ Coordinated argues that Swig Weiler lacks standing to assert against it a claim for a substantive violation of RICO because Swig Weiler cannot prove that it sustained injury as a result of predicate acts committed by Coordinated.

Swig Weiler claims that Coordinated committed commercial bribery and violated the mail and wire fraud statutes. However, Swig Weiler has failed to raise a genuine factual issue with respect to essential elements of the offense of commercial bribery. *Swig Weiler and Arnow Management Co., Inc. v. Stahl*, No. 89 Civ. 2290 (S.D.N.Y. March 31, 1993). Swig Weiler alleges that Coordinated violated the mail and wire fraud statutes in connection with its submission of invoices with overcharges. Coordinated does not dispute its use of the mail and telephone in connection with its submission to Swig Weiler of invoices containing overcharges. Therefore, a genuine issue of disputed fact exists as to whether Coordinated committed the predicate acts of mail and wire fraud. However, once Swig Weiler discovered the overcharges, it withheld payment to Coordi-

nated in excess of the overcharges. *Id.* at 7–8. Therefore, Swig Weiler cannot establish that it sustained injury to its business or property caused by Coordinated's alleged violations of the mail and wire fraud statutes. Accordingly, Swig Weiler lacks standing to assert a claim against Coordinated for violation of § 1962(c).

 Under its RICO conspiracy claim, Swig Weiler seeks to impose liability on Coordinated for predicate acts committed by its alleged co-conspirators. A person conspires to violate RICO when he agrees to participate in the affairs of an enterprise through a pattern of racketeering activity. A plaintiff can show that a defendant made such an agreement by establishing either that a defendant actually committed two predicate acts with knowledge that those acts were part of a pattern of racketeering activity or by showing that a defendant agreed to commit two predicate acts with such knowledge. Swig Weiler alleges that Coordinated both committed and agreed to commit the predicate acts of commercial bribery and mail and wire fraud. (Lorin Aff., Ex. S, Third Am.Compl. ¶ 44.)

■ Swig Weiler has raised a genuine issue of fact as to whether Coordinated committed the predicate acts of mail and wire fraud. However, Swig Weiler, the party with the burden of proof, has proffered no proof that Coordinated knew that Primo and TCS[2] were paying bribes to Lewis Stahl or knew that they were submitting invoices to Swig Weiler containing overcharges which Lewis Stahl then approved. A conspiratorial agreement requires such knowledge. Therefore, Swig Weiler has failed to raise a genuine issue of fact as to an essential element of its claim against Coordinated of conspiracy to violate RICO—that Coordinated agreed to participate in the pattern of racketeering activity in which its alleged co-conspirators engaged.

**2.** On July 12, 1991, Swig Weiler released Carmine and Theresa Pistone, the owners of Primo, from liability. Carmine Pistone was deposed after being released. TCS was released on Sep-

### CONCLUSION

For the foregoing reasons, the motion for summary judgment of Lewis Stahl and Jeffrey Stahl is denied, and Coordinated's motion for summary judgment is granted.

SO ORDERED.

tember 16, 1988. Swig Weiler relies on information obtained from TCS to support the RICO claims. (Lorin Aff., Ex. O, p. 2.)