The **CITY OF NEW YORK**, Plaintiff,

v.

**JAM CONSULTANTS, INC.**, Jesse Rodgers, CCA Construction Consulting Associates, Inc., Nathan Silberman, Jerome S. Gillman Consulting Architects and Jerome S. Gillman, Defendants.

No. 94 Civ. 7361 (MGC).

United States District Court, S.D. New York.

June 16, 1995.

Paul A. Crotty, Corp. Counsel of the City of New York, New York City, for plaintiff; Shari M. Goodstein, Asst. Corp. Counsel, June R. Buch, Asst. Corp. Counsel, Alan H. Kleinman, Asst. Corp. Counsel.

Kaplan & Katzberg, New York City, for defendants JAM Consultants, Inc. and Jesse Rodgers; Robert F. Katzberg, Richard W. Brewster.

Camhy, Karlinsky & Stein, New York City, for defendants CCA Const. Consulting Associates, Inc., and Nathan Silberman; Charles I. Poret.

Clayman & Rosenberg, New York City, for defendants Jerome S. Gillman Consulting Architects and Jerome S. Gillman; Charles E. Clayman, Brian D. Linder.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

This RICO action is brought by the City of New York against several building "expediters." Expediters are employed by building owners, builders, contractors or architects to facilitate the processing of the permits needed for the construction or alteration of buildings in the City of New York. These permits must be obtained from the Department of Buildings ("DOB"), an agency operated by plaintiff. The amended complaint alleges that defendants regularly bribed DOB inspectors to secure favorable treatment for their clients—expedited processing of their permit applications—from July 1975 until February 1992. The complaint alleges that the City was injured in its "business and property" because the defendants deprived the City of the inspectors' "faithful and loyal performance of their duties." (Amend. Compl. at ¶ 30.)

Defendants have moved to dismiss the amended complaint on a variety of grounds. At oral argument, I denied defendants' motion insofar as it relied upon matters outside the amended complaint, but reserved decision on whether the City has standing to maintain this action by virtue of having suffered injury to its "business or property" as required by RICO. (Tr. of Proc., March 10, 1995 at 49–50.) For the reasons that follow, defendants' contention that the City lacks standing is rejected, and the motion is denied.

### Background

According to the amended complaint, defendants systematically bribed DOB building inspectors from January 1975 to February 1, 1992 to obtain favorable treatment for their clients. (Amend.Compl. at ¶ 1.) Specifically, it is alleged that during this period, defendants conducted and participated in the conduct of the DOB as a RICO "enterprise" through a pattern of racketeering activity. (Id. at ¶ 21.) The amended complaint sets out thirteen "series of acts of racketeering activity" in connection with properties in Manhattan. These acts include payments by defendants JAM Consultants and Jesse Rodgers to DOB inspectors Ronald Silvers, Richard Sanvanero and Anthony Andrillo, payments by CCA Construction Consultants and Nathan Silberman to Andrillo, and payments by Gillman Consulting and Jerome S. Gillman to Andrillo. (Id. at ¶ 26.) Defendants are also alleged to have conspired with DOB inspectors to conduct and participate in the conduct of the affairs of the DOB through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d), (id. at ¶¶ 31–34), and to have induced DOB inspectors to breach the fiduciary duties which they owed to the City, (id. at ¶¶ 35–39).

Many of the details of the widespread corruption within the DOB came to light during a four-year investigation by the United States and the City which culminated in a

federal prosecution in the Eastern District of New York. Twenty-two DOB inspectors— including Andrillo, Silvers and Sanvanero— pleaded guilty to extortion or racketeering charges. *See United States v. Clemente*, 22 F.3d 477, 478 (2d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 258, 130 L.Ed.2d 178 (1994).

### Discussion

■■■ RICO provides a claim for "any person" who is "injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). The essential elements of a RICO claim are (1) a violation of section 1962, and (2) injury to "business or property" which is proximately caused by the violation. *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir.1990). The Supreme Court has noted that both RICO and the Clayton Antitrust Act, 15 U.S.C. § 15 *et seq.*, "aim to compensate the same type of injury; each requires that a plaintiff show injury 'in his business or property by reason of' a violation." *Agency Holding Corp. v. Malley–Duff & Assoc.*, 483 U.S. 143, 151, 107 S.Ct. 2759, 2764, 97 L.Ed.2d 121 (1987). Thus, relying upon decisions construing the Clayton Act, the Second Circuit has held that where a municipality sues under RICO, it must allege injury to its business or property in its capacity "as a party to a commercial transaction." *Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 104 (2d Cir.1990), *cert. denied*, —— U.S. ——, 114 S.Ct. 185, 126 L.Ed.2d 144 (1993). Allegations that a municipality is seeking to vindicate its interests in the "general economy" or in its "ability to carry out its functions" do not state a claim under RICO. *Id.* at 104 (*quoting Hawaii v. Standard Oil Co. of California*, 405 U.S. 251, 264–65, 92 S.Ct. 885, 892, 31 L.Ed.2d 184 (1972), and *Reiter v. Sonotone*, 442 U.S. 330, 341–42, 99 S.Ct. 2326, 2332–33, 60 L.Ed.2d 931 (1979)).

■■■ The City relies on its employment relationship with the inspectors as the relevant "commercial relationship" in this case. The amended complaint alleges that defendants caused Andrillo, Sanvanero and Silvers to breach the duty of loyalty that they owed to plaintiff. Salary payments to an employee who either fails to perform his duties or performs them corruptly may be recovered from the employee under RICO. *See Swig Weiler & Arnow Mgmt. v. Stahl*, 817 F.Supp. 400, 403 (S.D.N.Y.1993); *City of New York v. Bower*, No. 89 Civ. 4179, 1991 WL 19810, *1 (S.D.N.Y.1991). The underpinning for this conclusion is the agency law principle that an employee who is disloyal to the interests of his employer forfeits his right to compensation for services rendered by him. *See, e.g., Musico v. Champion Credit Corp.*, 764 F.2d 102, 112–113 (2d Cir.1985); *Interpool Ltd. v. Patterson*, 874 F.Supp. 616, 620 (S.D.N.Y. 1995).

■■■ Ordinarily, an employer may recover for such an injury directly from the faithless employee. In this case, however, the City seeks recovery from the third parties who allegedly procured the disloyalty, and not from the employees themselves. The amended complaint alleges that the predicate acts of bribery proximately caused the breach of the duty of loyalty owed to plaintiff, and it seeks to recover from defendants the (trebled) amount of the salaries of Andrillo, Sanvanero and Silvers "during their periods of disloyalty." (Amend.Compl. at ¶ 34.) While the City must eventually establish that the alleged predicate acts of bribery were a "substantial factor in the sequence of responsible causation, and [that] the injury is reasonably foreseeable or anticipated as a natural consequence," *Hecht*, 897 F.2d at 23–24, this is an issue of fact which cannot be determined on a motion to dismiss the complaint for failure to state a claim. Accordingly, because the City's employment relationship is a "commercial relationship" and the alleged inducement by defendants of the disloyalty of the City's employees is an injury to its "business or property," the amended complaint states a cognizable claim under section 1964(c). *See County of Cook v. Lynch*, 620 F.Supp. 1256, 1257 (N.D.Ill.1985) (RICO claim by county against briber of county tax assessors).

The two cases on which defendants rely are not to the contrary. In *Town of West Hartford v. Operation Rescue, supra*, a municipality sued under RICO to recover damages incurred in connection with a series of anti-abortion protests. The Town alleged

that the protesters had injured its "business or property" by reducing its ability to respond to police and fire emergencies, by impairing the level of alertness by police, and by forcing it to pay overtime wages. 915 F.2d at 103. In addition to holding that the district court lacked jurisdiction because of the Town's failure adequately to plead the predicate offense of extortion, *id.* at 102–103, the Second Circuit also held that the plaintiff was not injured in its "business or property" since the Town was not a party to a commercial transaction in connection with this activity. *Id.* at 104. In *City of New York v. Joseph L. Balkan, Inc.,* 656 F.Supp. 536 (E.D.N.Y.1987), the City brought a RICO action against city sewer inspectors and private contractors alleging that the contractors had bribed inspectors to obtain certificates for work not properly performed and inspected. Because the City alleged tangible injury to its sewer system, Judge Nickerson expressly declined to address the City's theory that it had also suffered "intangible damages such as deprivation of its inspectors' loyal performance or diminution of public confidence." *Id.* at 543.

In this case, the injury alleged is not predicated upon the City's status as a governmental entity, but on its status as an employer. The loss of an employee's faithful performance of his duties is an injury to the employer which is cognizable under RICO, and the fact that the employer also happens to be a municipality does not alter this conclusion. The City does not seek to recover for injury to its interest in providing efficient or uncorrupted governmental services, but rather alleges that it lost the value of the salaries it paid to faithless employees, and that this loss was proximately caused by the defendants' predicate acts of bribery. Accordingly, defendants' motion to dismiss the amended complaint on the ground that the City fails to allege a cognizable RICO injury is denied.

SO ORDERED.